### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE E. SIMMONS, JR.,     ) | |
|                         ) | |
|           Petitioner,     ) | |
|                         ) | |
| vs.                          ) | Case No. 01-cv-0996-MJR |
|                         ) | |
| UNITED STATES OF AMERICA,     ) | |
|                         ) | |
|           Respondent.     ) | |

### **MEMORANDUM and ORDER**

**REAGAN, District Judge:**

A guilty plea in April 1999 resulted in Lawrence Simmons's conviction in Case No. 09-cr-30155. In December 2001, Simmons filed the above-captioned civil proceeding challenging his sentence under 28 U.S.C. § 2255. After the issues were fully briefed and considered, the Court denied Simmons's request for § 2255 relief and dismissed this case in November, 2003. Judgment was entered against Simmons on November 18, 2003.

Simmons filed a notice of appeal on January 7, 2004 (Doc. 6). The United States Court of Appeals for the Seventh Circuit issued its mandate in August 2005, dismissing the appeal on the merits, finding "no substantial showing of the denial of a constitutional right" (Doc. 18, p.3). The case was closed.

On January 4, 2010, Simmons filed in the above-captioned case a motion for relief from judgment under Rule 60(b)(6), which contends that the undersigned Judge failed to address grounds one and three of his § 2255 petition.

The Court denies Simmons's January 4, 2010 motion (Doc. 19) for the following reasons. First, it is unclear whether (and Simmons has not shown how) this Court has subject matter jurisdiction to revisit this issue at this late date, with the appeals concluded and the case closed.

Second, even if the Court has jurisdiction to consider the arguments raised in Simmons's latest pleading, no relief is warranted under the Rule that Simmons relies on – Federal Rule of Civil Procedure 60(b)(6).

Rule 60(b) permits a district court to relieve a party from an order or judgment on the following narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from operation of the judgment or order.

In the case at bar, Simmons relies on the last ground cited above – "any other reason justifying relief." But Rule 60(b) allows such relief only "where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. of Mental Health*, **209 F.3d 695, 698 (7th Cir. 2000).** The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. *See Romo v. Gulf Stream Coach*, **250 F.3d 1119, 1121 n.3 (7th Cir. 2001).** Simmons has shown nothing close to that here.

To the contrary, and again assuming the Court has jurisdiction to address the substance of Simmons's January 2010, pleading, his arguments are wholly devoid of merit. Simmons contends that the undersigned Judge failed to address grounds one and three of his § 2255 petition. The grounds raised are as follows:

**Ground One**: In count one of the indictment the court violated petitioner's 5th and 6th Amendment Constitutional rights when it sentenced petitioner to a 20 year (240 month) mandatory minimum sentence and 10 years supervised release pursuant to 21 U.S.C. § 841(a)(1)(A) based on drug quantity and type found by the judge at sentencing by the preponderance of the evidence standard, that was not charged in count one of the indictment nor found beyond a reasonable doubt.

**Ground Three**: Did the Court have authority of subject matter jurisdiction to sentence petitioner to the enhanced Penalty Statute § 841(b)(1)(A). Petitioner stipulated that he was only pleading to the charges in the indictment (§§ 841(a)(1) and 846), after the judge stated that the charges in the indictment was all he was charged with.

While the Court did not specifically identify grounds one and three in its November

18, 2003 Order, it did respond in detail to the claims set forth therein. The Court carefully explained the application of *Apprendi v. New Jersey*, **530 U.S. 466 (2000)** to Simmons's claims and concluded,

> [Simmons] was sentenced to serve 240 months in the custody of the United States Bureau of Prisons. Since his sentence was not greater than the 20-year statutory maximum that can be imposed for distributing the smallest amounts of crack cocaine, *Apprendi* does not apply. His *Apprendi* argument, therefore, is without merit. Doc. 4.

Plainly, the Court addressed grounds one and three in its *Apprendi* discussion, observing that Simmons, like many other inmates, believed that *Apprendi* undermined his sentence when, in fact, *Apprendi* is irrelevant to the sentencing issues he raised. *See Talbott v. Indiana,* **226 F.3d 866, 869-70 (7th Cir. 2000)**. For all these reasons, the Court **DENIES** Simmons's January 2010 Rule 60 motion (Doc. 19).

An appeal having been taken and dismissed, all issues having been disposed of and with the case now closed, the Court **CAUTIONS** Simmons against the filing of any future pleadings herein.

**IT IS SO ORDERED.**

**DATED this 10th day of March, 2010**

> **s/Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**