IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE E. SIMMONS, JR., | ) |
| | ) |
|         Petitioner, | ) |
| | ) |
| vs. | )   Case No. 01-cv-0996-MJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|         Respondent. | ) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

      A guilty plea in April 1999 resulted in Lawrence Simmons's conviction in Case No. 98-cr-30155. In December 2001, Simmons filed the above-captioned civil proceeding challenging his sentence under 28 U.S.C. § 2255. After the issues were fully briefed and considered, the Court denied Simmons's request for § 2255 relief and dismissed this case in November 2003. Judgment was entered against Simmons on November 18, 2003.

      Simmons filed a notice of appeal on January 7, 2004 (Doc. 6). The United States Court of Appeals for the Seventh Circuit issued its mandate in August 2005, dismissing the appeal on the merits, finding "no substantial showing of the denial of a constitutional right" (Doc. 18). The case was closed.

      On January 4, 2010, Simmons filed a motion for relief from judgment under Rule 60(b)(6), contending that the undersigned Judge failed to address grounds one and three of his § 2255 petition. The Court denied the motion because (1) it was unclear whether (and Simmons had not shown how) this Court had subject matter jurisdiction to revisit the issue at this late date, with the

1

appeals concluded and the case closed; and (2) even if the Court had jurisdiction to consider the arguments raised in Simmons's latest pleading, no relief was warranted under the Rule that Simmons relied on – Federal Rule of Civil Procedure 60(b)(6).

Simmons has filed a motion for certificate of appealability and motion for leave to appeal *in forma pauperis* challenging the Court's denial of his motion for relief from judgment (Docs. 23, 24, 28).

Pursuant to 28 U.S.C. § 2253, "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255." **28 U.S.C. § 2253(c)(1)**. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." **28 U.S.C. § 2253(c)(2)**. Both this Court and the Seventh Circuit Court of Appeals have determined that Simmons has made no substantial showing of the denial of a constitutional right. Therefore, his motion for a certificate of appealability will be denied.

To be allowed to proceed *in forma pauperis* on appeal, Simmons faces three hurdles, only two of which he can clear. He has submitted an affidavit and a copy of his prisoner trust account establishing the requisite indigence, **28 U.S.C. § 1915(a), (b)(1)**, and has not accumulated the three strikes that would prevent him from proceeding *in forma pauperis* despite his indigency, **§ 1915(g)**. ***See Lindell v. McCallum,* 352 F.3d 1107, 1109 (7th Cir. 2003)**. However, the Court cannot grant pauper status because Simmons's appeal is not taken in good faith. **§§ 1915(e), (g), 1915A**.

The Court of Appeals for the Seventh Circuit has instructed district courts to find bad faith where a petitioner sues "on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." ***Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir.**

**2000)**.  Here, the issues Simmons is attempting to raise have been dismissed by both the district court and the appeals court.  Consequently, no reasonable person could suppose the claims to have any merit, and the Court must certify that his appeal as not taken in good faith.  Accordingly, the Court will deny Simmons's motion for leave to appeal in forma pauperis.

For the above-stated reasons, the Court **DENIES** Simmons's motion for certificate of appealability (Doc. 23) and motion for leave to appeal *in forma pauperis* (Doc. 28).

**IT IS SO ORDERED.**

**DATED this 6th day of April, 2010**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**